## McELROY v. GEORGIA, C. & N. RAILWAY CO.

The only negligence alleged against the defendant railway com-
pany being the failure of its servants to observe the require-
ments of section 708 of the code, as to blowing the whistle of
the engine and checking the speed of the train in approaching
a public road crossing, and it appearing that the crossing in
question was one where the track of the railway company
crossed the public highway upon a bridge or trestle above the
latter, there was no error in granting a nonsuit, the section in
question being applicable to grade crossings only.

*Atkinson, J.*, dissenting.—The provisions of section 708 of the code,
in so far as the same require the engineer of a locomotive to
blow the whistle, are applicable not only to crossings at grade,
but also to crossings where the public road passes above or
underneath the track of the railroad.

March 30, 1896. Argued at the last term.

Action for damages. Before Judge Jones. City court
of DeKalb county. May term, 1895.

*Albert & Hughes,* for plaintiff.
*Erwin, Cobb & Woolley,* for defendants.

SIMMONS, Chief Justice.

McElroy sued the railway company for personal injuries,
predicating his suit upon section 708 of the code, the only
negligence alleged against the defendant being the failure
of its servants to comply with the requirements of that
section in not blowing the whistle and checking the speed of
the train in approaching a public crossing. It appeared
from the evidence at the trial, that the crossing was one
where the railroad crossed the public highway upon a bridge
or trestle ten or fifteen feet above the highway. At the
conclusion of the plaintiff's evidence, the court, on motion
of the defendant's counsel, granted a nonsuit, holding that
the section referred to did not apply to a crossing of this
character, but applied to crossings at grade only.

Section 708 provides that there must be fixed on the line
of the railroad and at a distance of four hundred yards from

the center of each public road crossing, and on each side thereof, a post, "and the engineer shall be required, whenever he shall arrive at either of said posts, to blow the whistle of the locomotive until it arrives at the public road, and to simultaneously check and keep checking the speed thereof, so as to stop in time should any person or thing be crossing said track on said road." After a careful consideration of the phraseology of this section, a majority of the court are of the opinion that the trial judge was right in his construction of it. The object of the statute was manifestly the protection of persons and property where the track of the railroad crosses the public road upon the bed of the highway; and there is no indication that it was intended to apply also where the railroad passes above or underneath the highway. Where the crossing is at grade, the railroad company and the public have a common right to the use of the highway; and it was doubtless on account of the great danger attending the exercise of this right by both, and the consequent need of some provision for the protection of persons or property upon or about to go upon the track at such points, that the legislature enacted the statute from which this section is taken. It is quite clear that the requirement that the speed shall be checked applies only where the crossing is at grade, for the statute says this shall be done "so as to stop in time should any person or thing be *crossing said track on said road*"; and of course there could be no occasion for stopping the train for the protection of persons not on or about to go upon the track itself. We think it is also clear that the provision as to the blowing of the whistle is applicable only where the checking of the speed is required, for both things are required to be done at the same time. Whenever the train is approaching a crossing to which the statute is applicable, and has arrived at one of the posts required to be placed four hundred yards from the crossing, the engineer is required to blow the whistle of the locomotive until it arrives "at" the public road, *"and to simul-*

*taneously* check and keep checking," etc.. These requirements are also stated conjunctively in section 710, which provides that if any engineer neglects to blow the whistle "*and* to check the speed, as required in section 708," he is guilty of a misdemeanor, etc. If an engineer were indicted under this section, it would not be a sufficient defense that he did one of these things. In order to comply with the law he would have to do both. If the legislature had intended that these requirements should be separable, or that both of them should be applicable where the crossing is at grade, and only one of them should apply where the railroad is above or below the public road, we think they would have used language expressive of that intention. To place this construction upon the statute would be to engraft upon it a meaning not warranted by anything in the language of the statute itself; and this court has already held that the statute, being penal in its nature and subjecting employees failing to observe its requirements to indictment and punishment, is to be construed strictly, and its requirements should not be extended by construction. *Morgan* v. *Central Railroad,* 77 *Ga.* 791.

The decision of this court in the case of *Bowen* v. *Gainesville, Jefferson & Southern R. Co.,* 95 *Ga.* 688, and the reasoning of Justice Lumpkin therein, must be understood and construed with reference to its own facts. There the crossing was at grade, and hence the train was approaching a crossing to which the statute was undoubtedly applicable. If we are right in our conclusion in the present case, that the statute was inapplicable except as to grade crossings, the doctrine of the *Bowen* case is not involved.

Whether, independently of the statutory requirements, a recovery could be had upon the state of facts alleged, is a question we are not required in this case to decide; the action, as already stated, being based wholly upon the statute.　　　　　　　　　　　　　*Judgment affirmed.*

ATKINSON, Justice, dissented.