# Davis *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Fright of horse—Glare of tin.*

An owner of real estate has the right to use his property for every lawful purpose for which he may desire to use it, and is only required to exercise ordinary care in that use in order to relieve him from liability for damages on account of injuries incidentally resulting to a traveler on the highway.

A railroad company cannot be convicted of negligence in removing bags of phosphate from a station building in the course of repairs, piling them on its own premises abutting on a public highway, and covering the bags with tin with the bright side up, so that the glare of sunlight from the tin frightens a horse and injures the person driving it.

Mr. Justice MESTREZAT dissents.

Argued Feb. 13, 1907. Appeal, No. 10, Jan. T., 1907, by defendant, from judgment of C. P. Chester Co., April T., 1906, No. 65, on verdict for plaintiff in case of Charles W. Davis v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BUTLER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*John J. Pinkerton,* for appellant.—An owner of land, adjoining a public road, has a right to deposit property wholly upon his own premises, twenty-five feet from the middle of the traveled way, and seven and one-half feet from the edge of the road, whether such property will cause horses passing along the highway to shy or not: Pittsburg Southern Railway Co. v. Taylor, 105 Pa. 306; Piolett v. Simmers, 106 Pa. 95.

*A. M. Holding,* for appellee.—An owner or occupant of property adjacent to a highway is so far restrained in the use of it that he may not accumulate thereon, near the highway, without liability for resulting damages, objects which from their nature are likely to frighten horses while passing along the highway : 1 Thompson on Negligence, sec. 1258; Lobenstein v. McGraw, 11 Kansas, 645 ; Cole v. Fisher, 11 Mass. 137; Moody v. Ward, 13 Mass. 299 ; Dimock v. Suffield, 30 Conn. 129 ; Penna. R. R. Co. v. Lippincott, 116 Pa. 472; Harvey v. Coal Co., 201 Pa. 63 ; Penna. R. R. Co. v. Barnett, 59 Pa. 259; Haines v. Barclay Twp., 181 Pa. 521; Elliott on Roads, 450 ; Fritsch v. Allegheny City, 91 Pa. 226 ; Burrell Twp. v. Uncapher, 117 Pa. 353 ; North Manheim Twp. v. Arnold, 119 Pa. 380; Nicholas v. Keeling, 21 Pa. Superior Ct. 181; 5 Thompson on Negligence, sec. 6078; Shipley v. Fifty Associates, 101 Mass. 251 ; Loubz v. Hafner, 1 Dev. (N. C.) 185.

OPINION BY MR. JUSTICE ELKIN, June 3, 1907 :

In the consideration of this case, it must not be overlooked that no question involving the duties or liabilities of a common carrier arises. The appellant must be treated as an individual owner of land subject to no higher degree of care, nor liable in any other manner than a private owner of real estate abutting on the public highway. The rule established in this case will apply generally to the owners of real estate throughout the commonwealth.

The appellant was rebuilding its freight warehouse at a certain station along its lines. To enable it to proceed with this

work, it became necessary to temporarily remove the goods and merchandise deposited in the freight station from the inside of the building. On the evening of December 1, 1905, five bags of phosphate were taken from the inside of the warehouse and temporarily placed outside on the premises of the defendant company. Three of the sacks were placed upon the ground, the remaining two on top of them, and as a protection against the rain and weather the five sacks thus placed were covered with a piece of old tin roofing, painted side down and bright side up. It became necessary to remove the sacks of phosphate from the inside of the station because the old building was being torn down while the new warehouse was in course of construction. The sacks of phosphate were deposited upon the premises of the defendant company twenty-five feet distant from the middle of the public highway and seven and one-half feet from the side of the road. On the following morning, about sunrise, the appellee was driving along the public highway and when at a point about fifty feet away from the place where the phosphate was piled up, his horse shied, made a sudden plunge to the side of the road, where the wheels of his wagon struck some flagstones crossing the ditch, the singletree broke, he was thrown out and sustained the injuries for which damages are claimed in this action.

The negligence charged in the statement of claim was that the defendant had so negligently and carelessly placed the bags of phosphate, covered with the tin roofing, near the public highway as to frighten ordinarily gentle and well-trained horses. The case was tried in the court below, and is argued here on the theory that the negligence consisted in covering the bags of phosphate with tin roofing bright side up, so that the horse took fright at the glare or reflection of the rays of the sun across the highway, thus causing the injuries about which complaint is made. The burden is on the plaintiff in every such case to affirmatively prove the negligent acts complained of. In this case the only evidence offered on the question of negligence was that which established the facts hereinbefore recited. Are these facts sufficient to convict the appellant of negligence? What act was done in this case to justify a finding that ordinary care had not been exercised under the circumstances? Appellant was the custodian of the phosphate

and owner of the tin roofing. It certainly cannot be seriously contended that the defendant company did not have the right to carry the bags of phosphate from the inside of the building and deposit them temporarily on its own premises on the outside, or that for the purpose of protecting them from the rain it could not cover them with the tin roofing. Nor do we think that the glare of sunlight theory, on which appellee relies to sustain this action, is sound in principle. It burdens an owner of real estate with too high a degree of care, and is not sustained by either reason or authority. Such a rule would make it the duty of appellant in this case, and an owner of real estate in every case, to anticipate that during the time the particular thing made of tin was placed on its or his own premises a horse might be driven along the public road, while the sun was shining, and that the rays of sunlight might strike the tin object at such an angle as to reflect their light across the highway in a manner calculated to frighten horses. Such a degree of care is not required even as between master and servant, much less between parties where no such relation exists. It will not do to say that a tinsmith may not exhibit his wares on his own premises, or a blacksmith may not store farm utensils, machinery or other things brought to him for repair, around his forge; or that a merchant may not display his goods on his own property; or that a farmer may not pile sacks of fertilizer or grain in his own fields, and, if need be, cover them with a tin roof, without being mulcted in damages because a horse, well broken or otherwise, happens to shy at them while being driven on the highway nearby. These are the ordinary risks in every day life which must be assumed by the individual who drives his horse on the public road. If the horse shies at objects, not extraordinary and frightful in construction or operation, placed on the premises in the usual course of business of the abutting property owner, and injuries result to a traveler on the highway, they are damnum absque injuria. It seems to be conceded by the learned counsel for appellee that the only ground upon which a recovery can be sustained in this case is that appellant failed to exercise ordinary care because the tin roofing was placed on the sacks bright side up. Our cases would be examined in vain for authority to support this position. We cannot believe

there is authority in any jurisdiction for holding a person guilty of negligence and liable in damages because he placed on his own premises a piece of tin roofing down side up instead of down side down. Suppose both sides of the tin roofing were bright, neither side painted, could it then be said to be negligence because it was used as a covering for the bags? Certainly not. The appellant owed the appellee no duty except that as an abutting property owner it could not so recklessly, or wantonly or negligently make use of its property as to interfere with his rights on the highway. Every case of this character is based on the theory that the defendant has been negligent in the performance of a duty owed the complaining party. If no duty is owed, there can be no negligence in failing to perform it; or, if the alleged duty sets up a higher standard of care than the law requires, failure to observe it will not make the party so failing answerable in damages. A farmer preparing his fields for the sowing certainly has the right to pile a few sacks of grain in the fence corner without being liable for damages because a horse driven along the highway shies at them. The principle is very well stated by Mr. Justice Green in Piolett v. Simmers, 106 Pa. 95, wherein it was said : " If a farmer may not have a barrel of cider, a bag of potatoes, a horse power, a wheelbarrow or a wagon standing on his own premises by the side of a highway except at the risk of having his estate swept away in an action for damages occasioned by the fright of an unruly horse, the vocation of agriculture will become perilous indeed." The principle is freely conceded that every person must so use his own property as not to injure others, and if he in a reckless, wanton and willfully negligent manner makes such use of his property as to injure others he may be held liable in damages. It is equally true, however, that an owner of real estate has the right to use his property for every lawful purpose for which he may desire to use it, and is only required to exercise ordinary care in that use in order to relieve him from liability for damages on account of injuries incidentally resulting to a traveler on the highway.

Judgment reversed and is here entered for defendant.

Mestrezat, J., dissents.