### 2274.  LOUISVILLE & NASHVILLE RAILROAD CO. *v.* ROBERTS.

1. Where a blind mare grazing in a pasture near a railroad becomes frightened at the sound of a whistle on a passing engine, and runs into an open ditch, receiving injuries from which she dies, and it appears that there was no unusual or unnecessary noise incident to the blowing of the whistle, the railroad is not liable.
2. In such a case, evidence that employees of the railroad had on other occasions blown the whistles of passing engines unnecessarily, and in a spirit of sport, for the express purpose of frightening the mare, is inadmissible, unless such employees are identified as the ones in charge of the train which killed the mare.

Certiorari; from Gilmer superior court—Judge Morris. October term, 1909.

Submitted December 21, 1909.—Decided April 6, 1910.

*Tye, Peeples & Jordan, A. H. Burtz, D. W. Blair,* for plaintiff in error.  *A. N. Edwards,* contra.

Russell, J.  The plaintiff's blind mare was grazing in a pasture near the railroad; and just at this point there was a public crossing and a blow-post.  The plaintiff knew that the mare was afraid of the sound of an engine whistle, and also knew there was an open ditch in the pasture.  About 150 yards before reaching the blow-post, the engineer began to blow his whistle, and he continued to blow it until after he had passed the blow-post.  There is also evidence in the record (admitted over the defendant's objection that it was irrelevant) that on other occasions the defendant's employees had unnecessarily blown the whistles of passing engines in a spirit of sport, for the purpose of frightening the plaintiff's mare; but these employees are not identified as being the ones in charge of the train on the day the mare was killed.  So far as the record shows, the engineer and the fireman in charge of the engine on that day did not see the mare, and did not know that she was afraid of the sound of the whistle; both of them stating that they had never blown a whistle for the purpose of frightening the mare, and that on the day in question the usual blow-post signal—to wit, two long and two short blows—was given.  The mare became frightened and ran into the open ditch, and broke her leg, making it necessary that she be killed.  The plaintiff sued the railroad company for $50, and obtained a verdict for $40.  The company complains of the overruling of its certiorari.

1.  The only possible theory upon which it could be contended that the blowing of the whistle was either unusual or unnecessary is that the engineer began to blow about 150 yards before he reached the blow-post.  We do not think, under the circumstances of this case, it could be said that this was such a negligent and proximate cause of the mare's injury as would subject the railroad to liability.  The engineer had a perfect legal right to obey the blow-post law, —it was his duty to obey it,—and in doing so it was not incumbent on him to wait until he was exactly opposite the blow-post.  He did not see the plaintiff's mare, and there is no evidence that he continued to blow after he became aware of her presence and her fright.  Under these circumstances the railroad is not liable.  *Southern Ry. Co.* v. *Puryear,* 2 *Ga. App.* 77 (58 S. E. 306) ; *Southern Ry. Co.* v. *Flynt,* 2 *Ga. App.* 163 (58 S. E. 374) ; *Whistenant* v. *Southern States Cement Co.,* 2 *Ga. App.* 598 (59 S. E. 920) ; *Macon &c. R. Co.* v. *Wood,* 3 *Ga. App.* 197 (59 S. E. 595) ;

*Barton* v. *Southern Ry. Co.,* 132 *Ga.* 841 (2), 844 (64 S. E. 1079, 22 L. R. A. (N. S.) 915). The plaintiff's own act in placing a blind horse, which he knew to be afraid of the sound of a whistle, in a pasture through which ran an open ditch, and at a point where he knew the engineers of passing trains were required by law to blow the whistle of the locomotive, was, in the eye of the law, as much the proximate cause of the injury to the mare as the act of the engineer of which the plaintiff complains. In the natural order of things, the act of the plaintiff was more likely to result in injury to the mare than was the act of the engineer. The plaintiff ought to have foreseen that the very thing which did happen would happen. On the other hand, the engineer could hardly be expected to foresee that his act in blowing the whistle would cause a blind horse to run into a ditch and inflict on itself injuries making it necessary to kill the horse. But be that as it may, we are of the opinion that the case is controlled by the decisions cited above, and that the verdict is contrary to law and without evidence to support it.

2. The plaintiff sought to prove that the engineer blew his whistle for the express purpose of frightening the mare. He and his witnesses testified that on other occasions, previous to the time of the accident, employees of the railroad company had unnecessarily blown the whistles of engines while passing this point, for the express purpose of frightening the mare and annoying the plaintiff. The employees to whom this evidence related were not identified as being the ones in charge of the engine on the day the accident happened; and therefore the evidence should have been rejected on the ground that it was irrelevant. The fact that one servant of the defendant did a certain thing is not legal proof, or even a relevant legal circumstance tending to show, that another servant did a similar thing at a different time. The trial court therefore erred in admitting this evidence over the objection that it was irrelevant.                              *Judgment reversed.*