9539. WESTERN & ATLANTIC RAILROAD CO. *v.* SLATE.

1. The exceptions taken pendente lite are without substantial merit; and the evidence was sufficient to authorize the verdict.
2. While the testimony as to the time when the previous and similar derailments took place was of doubtful admissibility and not as explicit as it might be, its reception on the theory of tending to show notice to the defendant of the physical conditions was not such harmful error as to authorize this court to set aside the verdict.
3. It was not illegal to reject the testimony of an employee of the defendant, that he had been accustomed to pass every night by the watchman's shanty in which the plaintiff was injured by the derailed car, that he had seen the plaintiff in there several times, usually asleep (he thought), and that several times he looked in and saw him asleep; since the "several" occasions not particularized, and referred to as having occurred within an indefinitely stated period, could not properly show a general habit of the plaintiff.
4. The instruction to the jury upon the presumption of negligence and the burden of proof was not erroneous.
(*a*) In an action against a railroad company for damages on account of negligence resulting in injury to an employee but not in his death, the presumption of negligence was the same after the act of 1909 (Civil Code, §§ 2782 et seq.) as before its passage.
(*b*) The injury having been caused by a derailment of the defendant's cars, a common-law presumption of negligence arose against the defendant, independently of the statutory presumption.
(*c*) The duties of the defendant's watchman were such as to demand a finding that he could not have been connected with the derailment that caused the injury, and could not have assumed the risk of such danger.

DECIDED JANUARY 15, 1919.

Action for damages; from city court of Atlanta—Judge Reid. December 15, 1917.

*Tye, Peeples & Tye,* for plaintiff in error.

*Colquitt, Conyers & Latimer,* contra.

JENKINS, J. 1. The exceptions taken pendente lite are without substantial merit; and since the evidence was sufficient to authorize the verdict, it can not be disturbed on the assignments made in the general grounds of the motion for a new trial.

2. It is the general rule that in a suit for personal injuries, the negligence complained of can not be shown by evidence of similar negligence on the part of the defendant on some other and different occasion (*Central Railway Co.* v. *Ross,* 107 *Ga.* 73, 32 S. E. 904; *Pullman Co.* v. *Schaffner,* 126 *Ga.* 609, 611, 55 S. E. 933, 9 L. R. A. (N. S.) 407; *L. & N. Railroad Co.* v. *Roberts,* 7

*Ga. App.* 562 (67 S. E. 690); but where it is alleged that the injury was caused by the derailment of the defendant's cars at a certain named place, and that it was brought about by the dirt, coal, and cinders which had been allowed to accumulate upon that portion of the track, evidence of similar derailments at the same point while the same conditions existed relative to the track would be admissible upon the theory that they tend to show notice of such condition on defendant's part, if the prior derailments occurred at a time sufficiently close to the date of the injury to have probative value for that purpose. *Gilmer* v. *Atlanta,* 77 *Ga.* 688; C. C. & I. Railway Co. *v.* Newell, 104 Ind. 264 (3 N. E. 836, 54 Am. R. 312); Morse *v.* Railway Co., 30 Minn. 465; (16 N. W. 358); *Brown* v. *Benson,* 101 *Ga.* 753 (3) (29 S. E. 215). While in this case the evidence as to the time when the previous and similar derailments took place is not as explicit as it might be, the admission of such doubtful testimony, when received for the purpose indicated, would not amount to harmful error and authorize this court to set the verdict aside. See, in this connection, *Central Railway Co.* v. *Duffey,* 116 *Ga.* 346 (42 S. E. 510), where the evidence admitted related to an accident occurring on a different but nearby track. See also *Savannah &c. Ry. Co.* v. *Flannagan,* 82 *Ga.* 579 (3) (9 S. E. 471, 14 Am. St. R. 183).

3. Defendant offered as a witness an employee who would have testified that he had been accustomed to pass every night by the watchman's shanty in which the plaintiff employee was injured by the derailed car, and that he had seen the plaintiff in there "several times," usually, he thought, asleep, and that "several times" he looked in and saw him asleep. The rejection of this evidence is assigned as error. Evidence as to the general character for prudence or recklessness of the parties to such a litigation is not admissible (*A. & W. P. Railroad Co.* v. *Newton,* 85 *Ga.* 517, 11 S. E. 76; *Central Railroad Co.* v. *Kent,* 87 *Ga.* 402, 13 S. E. 502; *A. & W. P. Railroad Co.* v. *Smith,* 94 *Ga.* 107, 20 S. E. 763); nor is it permissible to show particular instances of such negligence not manifesting such general habit and conduct (*East Tennessee Ry Co.* v. *Kane,* 92 *Ga.* 187 (4), 18 S. E. 18, 22 L. R. A. 315); and whether or not it is even permissible to prove "*habitual* acts of recklessness or negligence at *particular* times and places" for

the purpose of showing such general habit, character, and conduct (see the ruling on this subject in *Savannah, Florida & Western Ry. Co.* v. *Flannagan,* supra, and the comment made in *A. & W. P. Railroad Co.* v. *Smith,* supra, on that ruling), we do not think that the evidence thus offered was illegally rejected; since the "several" indefinite and not particularized occasions referred to as having occurred within an indefinitely stated period could not properly show such habitual acts on the plaintiff's part. See also *Georgia Southern &c. Railway Co.* v. *Thornton,* 144 *Ga.* 481 (87 S. E. 388).

4. As being an erroneous statement upon the burden of proof, the following excerpt from the charge is excepted to: "If the plaintiff makes it appear to you, from the evidence, that he was injured by the running of the cars of the defendant, as alleged ·in his petition, the law would then presume that the defendant was negligent, and the burden would be upon the defendant then to show that it was not negligent, in so far as the particulars charged against it are concerned; or that if the plaintiff was injured he was injured by his own negligence; or that the plaintiff by the exercise of ordinary care should have avoided the consequences to himself of the defendant's negligence, if there was such, or that if the plaintiff was injured his injuries were due to some cause other than the defendant's negligence, if there was such, or that if the plaintiff was injured his injuries were due to some cause other than the defendant's negligence."

(*a*) In an action for damages against a railroad company for negligence resulting in injury to an employee, but not resulting in his death, the presumption of negligence remained the same after the passage of the act approved August 16, 1909 (Civil Code (1910), §§ 2782 et seq.) as theretofore provided by law.

(*b*) The injury to the plaintiff having been brought about by the derailment of the defendant's cars, a common-law presumption of negligence on the defendant's part arose independently of any statutory presumption similar to that imposed by section 2780 of the Civil Code. *Stokes* v. *Saltonstall,* 13 Peters (U. S.), 181 (10 L. ed. 115) ; *Yonge* v. *Kinney,* 28 *Ga.* 111, 113; *Savannah &c. Railway* v. *Williams,* 117 *Ga.* 420 (43 S. E. 751, 61 L. R. A. 249).

(*c*) The duties of the plaintiff watchman were such as to demand a finding that he himself could not have been connected

with the accident by derailment from which his injury resulted, and that he could not have assumed the risk from such a danger. See *Louisville & Nashville R. Co.* v. *Barrett,* 143 *Ga.* 742 (3) (85 S. E. 923), in which the latter question was properly an issue for the jury.

(*d*)  Plaintiff employee not having participated in the transaction from which the injury flowed, either by reason of any act performed by him or by virtue of the fact that his duties were so related to the transaction as to charge him with an assumption of the risk which occasioned the injury, this excerpt from the charge of the court, even were it to be considered as a statement of what is in effect the statutory presumption (Civil Code of 1910, § 2780), was nevertheless not erroneous.  See *Atlanta &c. Ry. Co.* v. *Campbell,* 56 *Ga.* 586, in which *Campbell* v. *Atlanta &c. Ry. Co.,* 53 *Ga.* 488, and *Thompson* v. *Central Railroad &c. Co.,* 54 *Ga.* 509, are explained and reconciled; *Central Railroad & Banking Co.* v. *Kelly,* 58 *Ga.* 108 (5), 112; *Western & Atlantic R. Co.* v. *Vandiver,* 85 *Ga.* 472 (11 S. E. 781); *Wrightsville &c. R. Co.* v. *Tompkins,* 9 *Ga. App.* 154 (70 S. E. 955); Hopkins, Personal Injuries, § 240; Park's Ann. Code, § 2787, p. 1335, catchword "Presumption."

(*e*).  Had the act which occasioned the injury been one in which the plaintiff in fact or in law could be held to have participated, the rule would be otherwise.  *Western & Atlantic R. Co.* v. *Jackson,* 113 *Ga.* 355 (38 S. E. 820), cited in *Louisville & Nashville R. Co.* v. *Barrett,* supra.

5.  The remaining grounds of the motion for a new trial are without substantial merit.

*Judgment affirmed.*  *Wade, C. J., and Luke, J., concur.*