10655.    HINES, director-general, *v.* GREEN.

The court did not err in overruling paragraph 5 of the defendant's demurrer, nor in admitting testimony complained of, nor in charging the jury. The evidence authorized the verdict, which has the approval of the trial judge, and it was not error to overrule the motion for a new trial.

DECIDED DECEMBER 10, 1919.

Action for damages; from Whitfield superior court—Judge Tarver.    May 28, 1919.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error.

*Atkinson & Born, F. K. McCutchen,* contra.

LUKE, J.    Suit was instituted by Green, alleging that, while employed as a fireman on a locomotive engine, the engineer in charge thereof, by his unskilled management of the locomotive, and by reason of his incompetency, and negligence in applying the brakes to the engine and train that the locomotive was drawing, caused the brakes to the engine to stick and the engine and train to stop in a tunnel, and that, as a result of such negligence and incompetency, before the plaintiff could escape from the position in which he was placed, the smoke and gases issuing from the engine asphyxiated and seriously injured him.    The

jury found a verdict in favor of the plaintiff, and the judgment overruling the defendant's motion for a new trial is here for review.

1. The complaint is made that the court erred in permitting the plaintiff to prove the kind of coal that was used. We do not agree that this was error. The testimony of itself serves to illustrate the issue and throws light on the transaction.

2. The plaintiff was permitted, over objection of defendant, to show that the engineer, who was alleged to be unskilled and incompetent, had on the same day so applied the brakes as to cause them to stick and stop the train at another point. We see no error here in the light of the petition. Such testimony would throw light on the allegation of unskillfulness, incompetency, etc., in view of the testimony for the defendant by the engineer and the airbrake expert, to the effect that it was impossible to cause the brakes to stick as pleaded by the plaintiff. There is no such proof of collateral or independent acts of negligence as that passed upon the case of *Western & Atlantic R. Co.* v. *Slate,* 23 *Ga. App.* 225 (97 S. E. 878).

3. From a reading of the entire charge of the court it appears that the complaint in ground 3 of the motion for a new trial is without merit. It is only necessary that the charge of the court shall cover substantially the issues made by the pleadings and the evidence. While the Federal "employer's liability act" may not have been read literally to the jury, it was given substantially and in such manner as not to confuse or mislead.

4. There is no merit in grounds 4 or 5 of the motion for a new trial. If a more specific instruction was desired, a proper request should have been made. The contentions of the parties were given in such manner as not to confuse or mislead the jury.

5. Ground 6 is to the effect that the court referred to the defendant as "defendant company." The suit was originally brought against the Western and Atlantic Railroad Company, and the name of the Federal director-general was substituted by amendment. We can not agree that the court's reference at one or more times to the defendant as "defendant company" worked such injury or harm to the defendant as to require a new trial.

6. The assignments of error in grounds 7, 8, and 9 of the motion for a new trial, in view of the pleadings, the evidence, and the charge as a whole, are free from harmful error.

The evidence almost demanded, if it did not demand, a finding in favor of the plaintiff for some amount of damages. The trial of the case was free from any error that possibly could have affected the verdict. For no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*