16452.  GEORGIA RAILWAY AND POWER COMPANY v.
JOHNSON.

The evidence did not authorize a finding that the railway and power com-
pany, in placing usual and necessary articles for the building of a
power line—such as poles, wires, cross-arms, etc.—on or near an old
road on land condemned by it, was guilty of negligence such as would
render it liable for injury caused by the running away of a mule at-
tached to a buggy, when the mule became frightened at these articles.

DECIDED OCTOBER 7, 1925.

Action for damages; from Cobb superior court—Judge Blair.
March 21, 1925.

*Colquitt & Conyers, Jerome Jones Jr., John T. Dorsey,* for plain-
tiff in error.

*Mozley & Gann, H. B. Moss,* contra.

PER CURIAM. The Georgia Railway & Power Company placed in
or near an old road, and on land which the company had con-
demned, certain material for the building of a power line; the
material consisting of poles, wire, cross-arms and insulators. Plain-
tiff's mule, attached to a buggy, shied at these articles, ran away,
and threw him and his wife out of the buggy, causing the alleged
injury for which this suit was brought. These articles consisted
of the usual and necessary materials for building a power line,
and the evidence failed to show that there was anything unusual
about them. No evidence authorized a finding that the company
was guilty of negligence in the premises, and the verdict for the
plaintiff was contrary to law and evidence. See 1 R. C. L., 1203;
Davis v. Penn. R. Co., 218 Pa. 463 (167 Atlantic, 777, 12 L. R. A.
(N. S.) 1152); *Southern Ry. Co.* v. *Flynt,* 2 *Ga. App.* 168 (58
S. E. 374); *Southern Ry. Co.* v. *Barber,* 12 *Ga. App.* 286 (77
S. E. 172); *Barton* v. *Southern Ry. Co.,* 132 *Ga.* 841 (64 S. E.
1079, 22 L. R. A. (N. S.) 915, 16 Ann. Cas. 1232); *Coleman* v.
*Wrightsville & Tennille R. Co.,* 114 *Ga.* 386 (40 S. E. 247).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

BLOODWORTH, J., concurring specially. I concur in the judg-
ment of reversal, but not on the ground stated in the majority
opinion. The court charged the jury as follows: "If the placing
of these alleged obstructions were such as would naturally or rea-

sonably cause a reasonably safe road animal to take fright thereat, and the defendant should have so known, or expected, or anticipated in placing the same, if he did so do, then the plaintiffs would be entitled to a recovery in the case." The effect of this excerpt from the charge was to instruct the jury that if the alleged obstructions were placed in the road by the defendant, this would be negligence. The acts complained of did not constitute negligence per se, and this charge, in the writer's opinion, was erroneous. "In a suit to recover damages alleged to have been sustained in consequence of the negligence of the defendant, a charge which in effect instructs the jury that if they believe from the evidence that, at the time the injury was received, a given state of facts existed, such facts would constitute negligence on the part of the defendant, is erroneous, when the facts are not such as would, under the operation of a statute or valid ordinance, constitute negligence per se." *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (1), 371 (40 S. E. 239) ; Civil Code (1910), § 4863.