THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, vs. JOHN W. KELLY, defendant in error.

1. The opinion of the plaintiff that the damage from the crushing of his hand, caused by the coupling of cars, was in round numbers ten thousand dollars—the sum he had sued for—was improperly admitted as evidence to the jury. What influence it may have had upon the jury, in making their verdict, cannot be estimated; that it had some influence is certainly quite probable, though the verdict of the jury was three thousand dollars, and not ten thousand dollars, and though no witness but the plaintiff made an estimate of the damage.

2. The damage is to be fixed by the jury, according to their opinion derived from facts testified to, such as the loss of the use of such a member of the body as the right hand, the dimunition of ability in a laboring man to make a living after such loss, the pain and suffering caused by the wound, the bill of the physician and the expense of nursing, and all other facts and circumstances connected with the case; and this opinion of the jury should be influenced by the opinion of no witness, given in round numbers, of the amount of the damage, but made up from facts, when capable of proof, of actual damage,

and of the enlightened conscientious belief of impartial jurors in respect to items incapable of exact proof, such as the feelings, the pain and suffering, of the plaintiff, etc.

3. The sayings of the conductor to the fireman at the next station are inadmissible, particularly when offered as evidence for the company.

4. There was no error in refusing to charge that "when a party contracts to perform a service which, from its very nature, is attended with more than ordinary risk, he must take the consequences himself, and can only look to his employers when the latter, through itself or agents, has unnecessarily, improperly, or in an unusual manner, exposed him to danger that ought to have been avoided;" nor in refusing to charge "that the jury should inquire whether a prudent, cautious man, with full use of both hands, could have coupled the cars at that time without injury or accident to himself, and if so, the plaintiff is not entitled to recover." The questions are the fault of the plaintiff and the negligence of the company, without regard to the nature of the business or the condition of plaintiff's hands. If the business was very dangerous, the duty was upon both parties to use the more care and diligence; if there was a defect in the left hand of the plaintiff, the defendant should have noticed the patent defect before employing him about such work. In both cases the responsibility was equally balanced, and the general principle of law was unaffected.

5. The presumption of law that the plaintiff, being an employee, is without fault, arises only when he is wholly disconnected with duties about the particular business in which he was hurt; when he is a party engaged in the duty in discharging which he is hurt, the *onus* is upon him to show himself without fault; so soon as he does that, the presumption arises that the other employees engaged with him in the duty were at fault or negligent, and the *onus* is shifted upon the company to show them without negligence; and this principle reconciles the cases decided by this court, when applied to the facts of each.

6. A new trial being granted on the sole ground that the court admitted in evidence the opinion of plaintiff that he was damaged, and ought to recover $10,000, it is considered improper to express any opinion on the merits of the case in respect to the weight of the evidence on the question of fault in the plaintiff and negligence in the defendant, or in regard to the amount of damages, whether excessive or not.

Railroads. Evidence. Witness. Damages. Principal and Agent. Master and Servant. Before Judge JOHNSON. Jefferson Superior Court. May Term, 1876.

Reported in the opinion.

JACKSON, LAWTON & BASINGER; R. W. CARSWELL, for plaintiff in error.

CAIN & POLHILL; H. D. D. TWIGGS, for defendant.

JACKSON, Judge.

This suit was brought by Kelly against the railroad company for damages received by him while engaged in coupling the cars of the company.   He was in their employment as a train hand, and this, in connection with other business, was his duty.   The injury received was the mashing of the right hand so as permanently to deprive him of the use of it, and the verdict of the jury was three thousand dollars. The evidence in respect to any fault being in the plaintiff, and the negligence of the defendant's other agents, was conflicting.   It was in proof that the other hand of the plaintiff had always been comparatively disabled, and one of the requests to charge seemed to be predicated upon this circumstance.

The defendant moved for a new trial on various grounds of error in admitting or rejecting evidence, in refusing to charge the jury, and the usual grounds that the verdict was against the law and the evidence, and also that the damages were excessive.   The court below declined to grant the motion, and the defendant excepted.   We shall consider the grounds pressed here.

1. The first of these grounds is, that the court ought not to have admitted in evidence the opinion of the plaintiff that he was damaged ten thousand dollars, and that he ought to recover that sum, all that he had declared upon.

We think that this opinion should not have gone to the jury.   In his very able and elaborate opinion in declining to grant a new trial, the distinguished judge presiding presses the view that its going to the jury did no harm, even if improperly admitted, because the plaintiff alone gave his opinion that the damage was $10,000, and that the jury, by finding only $3,000, showed that they did not regard his testimony.   It does show that they did not find exactly according to his evidence, but it does not show that the

evidence did not affect their verdict. This opinion of the damage to himself, sworn to, may have increased their finding; in all probability it did; and if it did increase the finding, and if it was illegal, the defendant was injured in a material point, and a new trial should be granted: Code, §3714, and cases cited. So that the question is, was the opinion of the plaintiff admissible, to swear, in round numbers, that he was damaged $10,000, and ought to recover that sum of money? Unless the opinion of an indifferent witness was admissible to prove the round sum of damage, it is clear that the opinion of the plaintiff ought not to be admitted. He is the last man who ought to be allowed to give the opinion, because he must be under the influence of the great bias that his own case would give to his opinion.

In examining the authorities, we are unable to find a single case where the opinion of any witness was allowed to go to the jury, that in a personal tort of this kind the plaintiff was damaged and ought to recover so much money, no matter what reasons the witness gave therefor; and we have been able to find only one case where it was ruled that such opinion was inadmissible. We suppose that the question was deemed so free from doubt, on general principles, that it has been rarely, if ever, made. In 11th Louisiana, 178, it is expressly ruled to be inadmissible, and such seem to be the deductions necessarily drawn from the text writers on evidence and damages. See Starkie, by Sharswood, side page 172, *et seq.*; Sedgwick on Damages, 748–9, *et seq.* The reason is that the jury are to estimate the damages— it is their opinion which is to form the verdict and decide the case.

2. It is true that our Code is broad upon the subject— Code §3867. But, after all, it is but a compendium of the common law. It simply enacts that when the question under examination and to be decided by the jury, is one of opinion, any witness may swear to his opinion, giving his reasons therefor; but if the issue be as to fact, generally he cannot give it. In every case the verdict at last is the

The Central Railroad and Banking Company *vs.* Kelly.

opinion of the jury on the evidence, and we cannot think that our law is, that in every case the jury may base their opinion upon the opinion of witnesses of what the damage ought to be; or that every witness, by giving a reason for it, may tell the jury : " I think in this case you ought to give ten thousand dollars, or one thousand, or any other given sum, because the pain must have been great, and the loss of the limb did the plaintiff much harm." We think that the meaning of the Code is the old law—when the issue is one of opinion, as sanity or insanity, or hand-writing, or the value of an animal, or such matters as are matters of opinion only, and can be better elucidated in that way, there experts may give opinions without reasons, and anybody familiar with the facts may give his opinion with his reasons.

In a case like this, especially, we think the opinion ought not to have been admitted. The plaintiff had as well have been permitted to swear broadcast to his whole declaration. Besides, although he states, in other parts of his evidence, how he was hurt, he does not itemize, even in opinion, the several items which, in his opinion, made up the ten thousand dollars. The whole thing seems to us to be too loose, and to open the door too wide, *especially when a man swears damages into his own pocket.* Indeed, our Code, in another place, leaves the jury to decide, according to their own enlightened conscience, what damage ought to be given for pain and wounded feelings, and things of that sort— that is to say, the damage for such hurt is to be fixed by their opinion of the nature of the pain, bodily and mental, according to their consciences, enlightened by the facts of the case—Code §§3066–3067. This opinion of theirs, we think, should be their own, uninfluenced by that of others, especially by that of the plaintiff in the action.

3. The second error argued before us, was that the court should have admitted certain sayings of the conductor to the fireman when they reached the next station, ten miles off, the conductor being dead when the case was tried. We

think the sayings inadmissible, especially for the company. We have held them inadmissible even against the company, unless part of the *res gestœ.* The court was right to reject them—56 *Ga.,* 498.

4. The next complaint is, that the court erred in refusing to charge to the effect that when one contracts to do a dangerous thing, the risk is his own, and he must take the consequences ; and, unless he is ordered to act in an unusual manner, he cannot look to his employer ; and that if a man with two good hands, acting cautiously and prudently, could have escaped without hurt, then the jury should find no damages.

We see no error in either of these refusals.  The increase of risk, from the danger of the work, should render the employee more cautious, of course ; but it should also make the other servants of the company, whose duty it is to control things in connection with his work, more cautious, too.   In this case it should have made the conductor more cautious in giving signals, and the engineer more cautious in executing his commands when signaled by him, as well as the coupler of the cars more cautious in what he did.   The law remains the same.   The increased caution of the one is balanced by that of the others, and the legal principle which controls all railroad cases, where employer and employee are concerned, is unaffected.

So in respect to the defect of this plaintiff's left hand. The company employed him knowingly—he was employed for this work—he held himself competent to do it, and they thought so, too.   He was bound to be so cautious as to be without fault, and the other employees were bound to be free from negligence.

5. The questions were :  Was he without fault?   Were they negligent ?   And, inasmuch as the case will be tried over, we think it as well to lay down what we regard as the law applicable to the case, and to review our own rulings in regard to similar cases.  Unquestionably, it must appear both that the plaintiff was without fault, and that the defendant,

by its other agents and servants, was negligent; but one or both of these facts may appear, by presumption of law, against the company, according to the facts of each case, to-wit: whether plaintiff was hurt by reason of a catastrophe which occurred in business in which he was participating, or in a matter in which he had no concern at all?

We think that in this case, inasmuch as this employee, this plaintiff, was engaged with other employees of the company about the coupling of the cars, that he cannot invoke the presumption of negligence against the company, and of faultlessness in himself, as a passenger could do; or as an employee could do, who was hurt by other employees in matters with which he was wholly disconnected. For instance, an employee is engaged to sweep the cars, to wait on passengers, to keep the baggage, check it, etc., etc., and has nothing to do with the management of the running of the cars. By the negligence or fault of the conductor or engineer in running the cars, he is hurt; we hold that he is upon the footing of a passenger and every presumption is against the company, and that he is without fault, just as it would be in case of a passenger.

But if the conductor or engineer, who together control the running of the cars, sue the company for damage occasioned by running the cars, the presumption that the plaintiff was without fault, and that the company was negligent, would not arise. In such case the engineer must show himself without fault if he sue, and then the presumption would be that the conductor was negligent, and it would be for the company to rebut it, or lose the case.

In short, it seems to us absurd to allow a man to presume himself faultless, and others negligent, when all were concerned in the business that brought about the catastrophe that hurt him; but if he had nothing to do with that business, though employed by the company, but in a totally different business, it is right that he should be considered, or presumed, faultless, and that those who worked at the thing that caused the damage, should be presumed to be blamable.

Having nothing to do with it, he would be just as blameless as a passenger, and every presumption that the law gives to the passenger, it should give to him.

Now, if this plain principle be applied to the facts of all the cases on which it bears, and the distinction be taken, we think they will be found to harmonize, whatever may have been the dicta or reasoning of the judge delivering the opinion in each case. See 53 *Ga.*, 488; 54 *Ga.*, 509; 56 *Ga.*, 586, and *Central Railroad and Banking Company vs. Kenny*, decided at this term.

Therefore, in this case, as this duty of coupling cars was on this employee, in union with the conductor in signaling, and the engineer in backing the cars, he must show affirmatively that he was himself without fault, and then the presumption is that the others were negligent, and this will entitle him to recover, unless the company rebuts this presumption of their negligence, by consistent proof.

6. As the case will be tried again, we think it improper to pass upon the weight of evidence or alleged excess of damaages. The new trial is granted solely because of the admission of plaintiff's opinion that he was damaged ten thousand dollars, and ought to recover that, it being the sum named in his declaration.

Judgment reversed.