THE CENTRAL RAILROAD AND BANKING COMPANY *vs.* SMALL.

1. The plaintiff was a track-hand, wholly disconnected with the running of the engine which injured him. He had the right to prove the negligence of the company and rest his case upon it, even if he were connected with the engine, without going into the question of his own negligence; to which the company could reply by showing either that it was not negligent or that the plaintiff was.
2. The verdict is sustained by evidence.

April 11, 1888.

Railroads. Negligence. *Onus.* Before Judge ADAMS Chatham superior court. June term, 1887.

Reported in the decision.

LAWTON & CUNNINGHAM, for plaintiff in error.

DuBIGNON & FRASER, *contra.*

SIMMONS, Justice.

Small sued the railroad company for damages. In his declaration he alleged that, on the 6th of July, 1885, while in the employment of the defendant as a track-hand, engaged in discharging his duties as such, and while in the exercise of all due care and diligence, moving from the main track where he was engaged at work, so as to get

out of the way of an approaching engine of said company, he was struck by another engine of the company coming from an opposite direction to the one he was seeking to avoid, and on a track parallel to said main track and within a few feet of it. He alleges that he had no notice or caution by any sign or signal that any engine other than the one he was seeking to avoid was approaching. He alleges that the wheels of the engine passed over his right arm, cutting it off above the elbow and near the shoulder, by reason of which he is totally disabled from performing any labor by which he can earn a livelihood. The defend- . ant filed a plea of not guilty. Upon the trial, the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled by the court; whereupon he excepted.

The main ground of the motion relied upon by the plaintiff in error is, that the court erred in charging as follows: " If this plaintiff was injured in the manner claimed, then the burden is upon the company to show, either that the injury was not caused by the negligence of its servant, the engineer, as charged, or that the plaintiff was guilty of negligence and contributed to the injury."

The objections made to this charge are, that it placed upon the defendant the burden of making out its defence before the law imposed that burden upon it; and that it relieved the plaintiff of the burden of proving either that he was without negligence or that the servants of the company were negligent. The evidence discloses the fact that Small was a track-hand, and that he was totally disconnected with the engine that injured him. His duties were to work on the track and to keep it in repair and in proper order for the engines to pass over it; but he had nothing whatever to do with the running of the engine that injured him or with any other engine running upon the road. If he had been connected with the engine and had been injured without any fault on his part, he would have been entitled to recover upon showing the injury to himself, and showing further that the company was negligent.

1. When the plaintiff proves that he was injured, and that the injury was caused by the negligence of the defendant, the law then presumes that the defendant was negligent, and the burden of proof is shifted upon the defendant either to prove that it was not negligent or that the plaintiff was. If it establishes either proposition, then the plaintiff is not entitled to recover. *Kenny vs. C. R. R.*, 58 *Ga.* 485. In this case, it appears that the plaintiff relied upon the fact of the defendant's negligence, without going into the question of his own negligence. This, we think, he had a right to do, even though he had been connected with the engine which injured him. Not being connected with it, *a fortiori*, he had a right to prove the negligence of the company and rest his case upon it; and this is what we understand to be the charge complained of. The meaning of the charge which is excepted to, from the judge's standpoint is, that if the jury should believe that the plaintiff was injured by the negligence of the servants of the railroad company, the burden would be upon the company to show that the injury was not caused by its negligence, or that the plaintiff was guilty of negligence himself and contributed to the injury. The plaintiff, no matter to what class he belonged, could have shown that he was without fault, and cast the burden upon the defendant; or he could have shown that the servants of the company were in fault; and that would cast the burden upon the company to show that it was not negligent, or that the plaintiff was negligent and that his negligence contributed to the accident. So we see no error in the charge of the court set out in this ground of the motion.

2. The other grounds of the motion are that the verdict was contrary to the evidence, against the weight of evidence and without evidence to support it. It is contended that the evidence clearly established the fact that the plaintiff was himself negligent, and that his negligence contributed to the injury. These were matters to be

passed upon by the jury; and there was sufficient evidence to support their finding; and the court below being satisfied therewith, we will not interfere with the judgment refusing a new trial upon these grounds.

Judgment affirmed.