THE WESTERN AND ATLANTIC RAILROAD CO. *v.* VANDIVER.

In a suit against a railroad company by one of its servants for in-
    juries sustained by alleged negligence of others of its servants in
    the performance of an act with which the plaintiff was connected

at the time of the injury, the presumption of negligence was not against the company before the plaintiff proved that he was without fault.

(a) Section 3033 of the code makes railroad companies liable for damages done by, not to, any person in their employment.

May 7, 1890.

Railroads. Master and servant. Presumptions. Damages. Negligence. Before Judge MILNER. Whitfield superior court. April term, 1889.

Action for injuries received by the plaintiff while working as brakeman on a freight-train of the defendant. There was switching to be done at Marietta, and the train being a little late, it had to be done in a hurry; and when plaintiff went in to couple the cars, the conductor told him to hurry up. The stationary car to which the moving cars were to be coupled, had on it some iron wheels attached together and held in place by strips. Both the plaintiff and the conductor had been giving signals until the conductor told him to go in and make the coupling. He did so, and when the moving car struck the stationary car, the wheels mentioned mounted the strip and caught him between the two cars. The engineer came back pretty rapidly, and struck the car pretty hard. The cars were running too fast for coupling, and this the plaintiff knew, but he had to obey the orders of the conductor. He also testified that he did not know they were running faster than usual when he went between the cars. There was evidence as to the extent of his injuries, etc. The defendant's testimony tended to show that the machinery on the stationary car was not thrown off by the coming together of the cars; that they did not come back harder than usual; that there were two standards on the end of the stationary car to prevent the machinery from falling off, in addition to the strips; that no conduct of the engineer caused the injuries; and that they were slight, etc. The jury found for the plaintiff $750.

R. J. & J. McCAMY, for plaintiff in error.

W. K. MOORE, *contra.*

SIMMONS, Justice.

Vandiver sued the railroad company for damages which he alleged in his declaration that he had sustained by reason of the negligence of the employees of the company, while he was coupling cars. The jury returned a verdict in his favor ; the company made a motion for a new trial, which was overruled by the court, and the company excepted. One of the grounds taken in the motion for a new trial was, that the court erred in charging the jury as follows : "A railroad company shall be liable for all damages done to stock by the running of the locomotive and cars, or for damage to any person in the employment of the company, unless they prove that they used all ordinary and reasonable care and diligence, the presumption in all cases being against the company." We think, under the facts of this case, that the court erred in giving this charge to the jury. It will be seen, by reference to the facts as set out in the official report, that the plaintiff was an employee of the company, and that he claimed to have been injured by the negligence of the other servants of the company, while engaged in coupling cars. Under these circumstances, we do not think that the court should have given the charge, which seems to be partly in the language used in §3033 of the code. Whenever an employee is connected with the act which injures him, the presumption is not against the company, as this charge seems to imply. When he is connected with the act, he must prove that he is without fault, before the presumption against the company arises. In the case of *The Central Railroad* v. *Kelly*, 58 *Ga.* 113, this court, in discussing this question, said: "We think that in this case, inasmuch as this employee, this plaintiff, was engaged with other em-

ployees of the company about the coupling of the cars, that he cannot invoke the presumption of negligence against the company, and of faultlessness in himself, as a passenger could do; or as an employee could do, who was hurt by other employees in matters with which he was wholly disconnected. For instance, an employee is engaged to sweep the cars, to wait on passengers, to keep the baggage, check it, etc., and has nothing to do with the management of the running of the cars. By the negligence or fault of the conductor or engineer in running the cars, he is hurt; we hold that he is upon the footing of a passenger and every presumption is against the company, and that he is without fault, just as it would be in the case of a passenger. But if the conductor or engineer, who together control the running of the cars, sue the company for damage occasioned by running the cars, the presumption that the plaintiff was without fault, and that the company was negligent, would not arise. In such case the engineer must show himself without fault if he sue, and then the presumption would be that the conductor was negligent, and it would be for the company to rebut it, or lose the case. In short, it seems to us absurd to allow a man to presume himself faultless, and others negligent, when all were concerned in the business that brought about the catastrophe that hurt him." In the case of *The Central Railroad* v. *Sears*, 59 *Ga.* 436, it was held that "The presumption of law that the plaintiff's husband, being an employee of the road, is without fault, arises only when he is disconnected with duties about the particular business which resulted in his hurt; if he himself was engaged in the very act which resulted in his death, no such presumption will arise, but the *onus* is upon the plaintiff to show either that her husband was without fault, or that the company's other employees were at fault, before the *onus*

is shifted on the company to defend." See also *Central R. R.* v. *Kenney*, 58 *Ga.* 485; *Savannah F. & W. R'y* v. *Barber*, 71 *Ga.* 644; *Central R. R.* v. *Small*, 80 *Ga.* 519.

Therefore the court erred when he charged the jury that the presumption in all cases was against the company. Besides the court seemed to have attempted to give §3033 of the code in this charge. That section declares that " A railroad company shall be liable for any damage done to persons, stock or other property, by the running of locomotives, or cars, . . or for damage done by any person in the employment and service of such company," etc. The judge in his charge made it read that the company should be liable " for damage *to* any person in the employment of the company," which was insisted upon here as another error in the charge. We think the exception is well-taken. The substitution of the preposition " to" for " by" changes the whole meaning of the section. This section of the code intended to make railroads liable for any damage done by running of the cars, etc., or for damage done *by* any person in the employment of said railroad, and not for damage done *to* any person in its employment.

There is no error in the other charges complained of in the motion for a new trial, when taken in connection with the whole charge. *Judgment reversed.*