## SOUTHERN RAILWAY COMPANY *v.* HOLBROOK.

1. A charge inapplicable to the issues involved will not be cause for a new trial, where, in immediate connection therewith, the judge cures the error by instructing the jury, in effect, that the law which he has announced has no application to the case on trial.

2. Where, while a trainman is endeavoring to fasten with chains two detached portions of a train which has become separated by reason of the pulling out of the drawhead of one of the cars, the front part of the train is moved back upon him and he is injured, the injury is caused by the "running of the train," within the meaning of the Civil Code, § 2321.,

3. The rules of the defendant company, which the plaintiff contracted in writing to obey, provided that "if anything connected with the coupling apparatus, cars, or track be defective or out of order, making the coupling or uncoupling more difficult or dangerous than ordinary, . . the rules prohibit employees from attempting to make the coupling or uncoupling, or from remedying the defect or difficulty, but [they] must immediately upon discovery report the same to the conductor or other superior officer in charge of the train." *Held,* that, under a fair construction, this rule contemplates that after the employee has reported the defect to the conductor, he shall be subject to the conductor's orders in taking the necessary steps to remedy it.

4. In the absence of a written request to charge in the present case, there is no merit in a ground of a motion for a new trial which complains that "the court erred in the entire charge to the jury, in failing, as movant contends, to charge them the doctrine that an employee takes the ordinary risk incident to his employment."

5. The evidence was conflicting, but the jury were fully authorized, under that offered for the plaintiff, to find the verdict rendered in his favor.

Argued December 5, 1905.—Decided January 12, 1906.

Action for damages.   Before Judge Russell.   Gwinnett superior court.   May 13, 1905.

*S. J. Winn, D. K. Johnston,* and *John J. Strickland,* for plaintiff in error.   *Arnold & Arnold,* contra.

CANDLER, J.   Holbrook, the plaintiff in the court below, was a train-hand in the employment of the Southern Railway Company. His petition alleges, that while he was on a freight-train of that company, in the discharge of his duties, at about half past one o'clock in the morning on a day named, the drawhead of one of the cars pulled out and the train parted; that in this emergency it became necessary to chain together the cars at the point where the train separated; that the conductor, who had entire charge of plaintiff, directed him to assist in this work, which it was his duty to do; that by the conductor's orders the detached portions of the train were placed in such a position that the car from which the drawhead had been pulled (which was in the front portion of the train, or that attached to the engine) was situated at a distance of six or eight inches from the drawhead of the end car of the detached portion of the train, the entire train being brought to a complete stop; that while the cars were in this position the plaintiff, under orders from the conductor, proceeded to the work of chaining the two cars together, when the engineer, fireman, or other employee in charge of the engine, negligently caused the front portion of the train to come back against the rear section, the plaintiff's hand being caught between the two cars and injured in a manner set out. It was alleged that the engineer personally observed the situation of the train while the plaintiff was at the work described, and knew of his position and the importance to his safety that the train be kept stationary.   He sued for $2,000 damages.   The defendant filed an answer in which it denied liability, and claimed that the plaintiff, under the rules of the company, which he was under written contract to observe, had no right to be in the position in which he was at the time of his injury.   The jury found for the plaintiff the full amount sued for.   The defendant moved for a new trial, which was denied, and it excepted.

1. The motion complains of a charge of the court, which, taken by itself, was undoubtedly erroneous as stating a principle of law inapplicable to the case on trial.   This was cured, however, by

another charge, in immediate connection with the one complained
·of, to the effect that the principles of law at first announced had
no application in an action against a railroad company by an em-
ployee.   It is always unfortunate for the trial judge to give to the
jury instructions not germane to the case on trial, as it has a
·tendency to confuse and to lead the minds of the jury away from
the real issues involved; but where, as in the present case, an ex-
·plicit instruction is given, the effect of which is to remove the
confusion created by the first charge, we can not say that the ends
·of justice demand that a new trial be granted.

2. Error is also assigned upon a charge to the effect that the
burden would be shifted from the plaintiff to the defendant upon
·a showing by the former either that he was without fault or that
the company was at fault, the contention urged in the brief of
·counsel for the plaintiff in error being that such a charge is ap-
plicable only in cases where the injury was caused by the running
·and operation of the defendant's train, it being claimed that "the
plaintiff was not injured in the running of the train, but was in-
jured in endeavoring to make a coupling."   The distinction sought
to be drawn is not well taken.   If, while a trainman is endeavoring
to make a coupling, a portion of the train is run against him and
he is injured, we can not escape the conclusion that in some way
the "running of the train" was concerned in the injury.   The
argument that the injury was caused by the effort to make the
coupling, rather than the running of the train, is a refinement of
reasoning to which we can not bring ourselves to agree.   We there-
fore hold that the charge under consideration was not error.   *Geor-
gia Ry. & El. Co.* v. *Reeves,* 123 *Ga.* 697.

3. There was introduced in evidence ·a contract signed by the
plaintiff, of which the following is a copy:   "I, J. N. Holbrook,
·fully understand that the rules of the Southern Railway Company
positively prohibit all employees, in coupling or uncoupling cars
or air-hose, from going .between the cars while either car is in
motion.   Employees are also prohibited from going between the
cars while an engine is attached to either, for any other purpose
·than to adjust for a coupling the knuckle on the car farthest away
·from the engine, or to couple the air-hose, and then only when the
cars are stationary and the knuckle can be. adjusted in the ordinary
way by raising the lever with one hand and opening or closing the

knuckle with the other.   If anything connected with the coupling apparatus, cars, or track be defective or out of order, making the coupling or uncoupling more difficult or dangerous than ordinary, I fully understand that the rules prohibit employees from attempting to make the coupling or uncoupling, or from remedying the defect or difficulty, but must immediately upon discovery report the same to the conductor or other superior officer in charge of the train.   In consideration of being employed by said company I hereby agree to be bound by said rules, and waive all or any liability of said company to me for any results of disobedience or infraction thereof.   I further understand that many foreign cars, which this line must necessarily handle and transport, have no bumpers attached to them, and that thereby the danger of going between the cars to couple or uncouple or adjust pins is greatly increased.   I further and plainly and explicitly understand and take notice, as a part of this contract and regulation, that no conductor of any train, freight or passenger, or engineman or fireman, or any other agent of the Southern Railway Company has the right to waive or dispense with or suspend, or in any way alter or amend any of the provisions, conditions, contracts, stipulations, or regulations contained in this paper writing.   I am also hereby informed and take notice of the fact, and fully understand, that no conductor of a train, passenger or freight, or any engineman or fireman, or any other agent in and about such trains, has the authority to discharge, dismiss, or otherwise punish or injure me for adhering strictly to the conditions, stipulations, and regulations contained in this paper, or the failure to obey any order to violate said conditions, stipulations, and regulations contained in this paper writing.   .   .   I have read the above carefully and fully understand it, and have received a duplicate thereof."   It is contended by counsel for the railroad company, that, by reason of this contract and its alleged violation by the plaintiff, no verdict could legally be found in his favor, and that certain charges of the court below were erroneous as placing upon the contract an unwarranted construction.   It was in evidence that when the train separated and the plaintiff discovered the cause of the trouble he took no steps on his own initiative to remedy the defect, but at once reported to the conductor what had happened, and from that time acted only under the orders of the conductor.   In reporting to the conductor he was acting literally

in accordance with the rule laid down in his contract, directing what he should do in case of emergency. The contract is silent as to what further steps should be taken in cases of emergency after the report had been made to the conductor; but it is safe to assume that it was not intended that the trainmen should refuse to obey the orders of their superior in taking measures to relieve the situation, leaving the conductor alone and unaided to do whatever work was necessary by himself. A reasonable construction would seem to be that trainmen were given no discretion in deciding what steps were necessary to remedy a defect caused by an emergency, and were not permitted to do anything on their own account under such circumstances. The responsibility for the safety of the train was on the conductor, and therefore, when an emergency occurred, the first thing for the trainman to do was not to attempt to exercise his own judgment in remedying the defect, but to report immediately to the conductor and thereafter obey his orders. The contract is very sweeping and drastic in its terms, and seems to have been designed primarily to defeat a recovery by an employee for an injury growing out of any conceivable combination of circumstances; but such instruments will always be construed most strongly against the company, by which they were prepared. *Western & Atlantic R. Co.* v. *Bussey,* 95 *Ga.* 585; *Richmond & Danville R. Co.* v. *Mitchell,* 92 *Ga.* 77; *Georgia R. Co.* v. *Clarke,* 97 *Ga.* 706. In the present case it requires no forced construction to decide that under the terms of the contract, after the plaintiff had reported to the conductor the existence of the defect in the train which gave rise to an emergency, it was his duty then to obey the conductor's instructions in the steps necessary to overcome the emergency.

4, 5. The fourth headnote needs no elaboration. The evidence was conflicting, but that for the plaintiff was amply sufficient, if believed by the jury, to warrant the verdict returned. The trial judge, by overruling the motion for a new trial, expressed his approval of the verdict, and this court will not interfere.

*Judgment affirmed. All the Justices concur.*