3110.   WRIGHTSVILLE & TENNILLE RAILROAD CO. *v.*
TOMPKINS.

1. Where an employee sues a railroad company under the act of 1909 (Acts 1909, p. 160, Civil Code (1910), § 2782 et seq.), defining the liability of carriers by railroad for injuries received by employees in the service, the presumptions and methods of carrying the burden of proof are as follows:

(*a*) If it does not appear that the plaintiff was himself connected with the transaction from which the injury flowed, and if it appears that he was hurt through the running of the defendant's cars or machinery, or by the act of some fellow servant, the presumption authorized by the Civil Code (1910), § 2780, comes to his aid, and he makes a prima facie case merely by showing that he was damaged through one of the methods specified. If the damage did not ensue from one of the causes specified in the code section just cited, the plaintiff must prove the defendant's negligence without the aid of the presumption.

(*b*) If the plaintiff himself was connected with the transaction through which his injury ensued, he can not rely solely upon the statutory presumption to make out his case. If the transaction is not one as to which the statutory presumption applies, he must prove the negligence by some affirmative proof, but need not go further and negative his own contributory negligence.

(*c*) If the transaction in which the plaintiff was damaged was one as to which the Civil Code (1910), § 2780, applies, and the plaintiff was himself a party to the transaction, he may make a prima facie case by proving either of two additional things: (1) that he did not bring about the injury by his own carelessness, amounting to a failure to exercise ordinary care; or (2) that the defendant or its other servants were in fact

negligent in one or more of the respects charged in the petition. The defendant, taking at this stage the burden of reply, can successfully defend by disproving either of these propositions, or by proving that, notwithstanding it or its servants were guilty of negligence, the plaintiff, by the exercise of ordinary care, could have avoided the consequences.

(d) If it appears, either by affirmative proof or by presumption, that the defendant was negligent, and it also appears that the plaintiff was somewhat at fault, but less at fault than the defendant, the plaintiff may nevertheless go to the jury, and may recover, unless it appears that his injury was brought about by his own carelessness, amounting to a failure to exercise ordinary care, or that by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence; and in such cases the jury may diminish the damages in proportion to the amount of negligence attributable to the plaintiff.

2. Where the petition claims damages on account of pain, mental suffering is included; and, if the evidence so authorizes, it is proper for the judge to instruct the jury upon that subject.

3. The evidence fully authorizes the verdict. It is not excessive.

DECIDED APRIL 3, 1911.

Action for damages; from city court of Sandersville—Judge Hawkins. December 3, 1910.

*Daley & Daley, Evans & Evans,* for plaintiff in error.

*Smith, Hastings & Ransom, Hardwick & Wright,* contra.

POWELL, J.  1. This case arose under the act of August 16, 1909 (Acts 1909, p. 160), now embodied in the Civil Code (1910), § 2782 et seq. This act relates to the liability of carriers by railroad for injuries to their employees, received in the course of the service, and is very similar to (though not absolutely identical with) the act of Congress on the same subject. Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171). Under this act, as was true under the law of this State at the time the act was passed, employees of railroad companies may recover of their employers for the negligence of fellow servants. Under the prior law the injured servant could in such employments recover for injuries received through the negligence of fellow servants, provided that it appeared that he himself was "without fault or negligence." See Civil Code (1895), § 2323. Under that law it was held that, unless the injured employee was free from all blame so far as the material causes of his injury were concerned, he could not recover. The chief change worked by the act of 1909 is to allow the injured employee to recover though he was somewhat at fault, unless his fault or neglect amounted to a "failure to exercise ordinary care," or unless he "by the exercise or ordinary care could have

avoided the consequences of the defendant's negligence." The doctrine of comparative negligence (by which the damages may be apportioned where both parties are at fault, but the fault of the plaintiff is the lesser), theretofore applicable generally as to other negligence cases, was made applicable also to the class of cases dealt with in the statute. In the course of the act it is provided: "In case death results from injury to the employee, the employer shall be liable unless it make it appear that it, its agent, and employees have exercised all ordinary and reasonable care and diligence; the presumption being in all cases against the employer. If death does not result from the injury, the presumption of negligence shall be and remain as now provided by law in case of injury received by an employee in the service of a railroad company."

In the present case death did not result from the injury. The plaintiff was hurt by the running of the cars, and on the subject of burden of proof and presumption of negligence the court charged the jury as follows: "In a case of this character the burden is upon the plaintiff to show that he was injured, and injured by the negligence of the railroad company, or that he was injured by the railroad company, and not from the want of the exercise of ordinary care and diligence upon his part. In other words, if he shows by the evidence that he was injured by the defendant company, and that it was on account of the negligence of the defendant company, and without the want of the exercise of ordinary care and diligence upon his part, then the burden is upon the defendant to show that it exercised ordinary care and diligence and was not guilty of neglect. I charge you, gentlemen, that in order to make the principle that I have given you in charge clear to you, I repeat just here that the burden is upon the plaintiff to show one of two things: If he shows by the evidence that he was injured while at work as an employee of the defendant company, and that it was not because of the want of the exercise of ordinary care and diligence on his part, then the burden would be upon the defendant to show that it had exercised ordinary care and diligence in the matter; or, if the plaintiff showed that he was injured by the negligence of the defendant company in the discharge of his duty, then the burden would be upon the defendant to show that the plaintiff was wanting in the exercise of ordinary care and diligence." Immediately following this, the court explained to the jury that the plaintiff could recover

only in the event that the defendant was negligent and the plaintiff himself had not, through lack of ordinary care, contributed to the injury, and had used ordinary care in avoiding the consequences of the defendant's negligence.  The exception taken to the charge is that the court should not have restricted the element of the plaintiff's negligence as he did, but should have charged the jury that the plaintiff could not carry the burden of proof without showing that he was free from fault.

The question arises as to what the Civil Code. (1910), §2782, means when it says that, "if death does not result from the injury, the presumption of negligence shall be and remain as now provided by law in case of injury received by an employee in the service of a railroad company," and as to what it is necessary for an injured employee to show in order to raise a presumption of negligence against the defendant and to make a prima facie case for recovery. The rule as to presumption of negligence in cases of injury to railroad employees, existing at the time of the passage of the act of 1909, and the reasons on which the rule was based, may be stated thus: If the injury was caused by the running of the cars or machinery, or was directly occasioned by an act of an employee, then under the statute now embodied in the Civil Code (1910), § 2780, a presumption arose that the negligence of the company or of some of its employees had caused the injury.  If the plaintiff was not himself one of the employees engaged in the act from which the presumption of negligence arose, he might, upon proof of the injury, rest his case, so far as negligence was concerned, upon the presumption; and, damages being shown, he might make a prima facie case for recovery upon this proof alone.  On the other hand, if the thing through which the damage was done was a thing in which the plaintiff himself was participating, the rule was to be differently applied.  In that case, since the plaintiff was himself an employee of the company, and since he could not recover if he was at fault, and since the presumption which arose from the transactions mentioned in the statute did not fix the blame on one employee rather than on another,—upon some fellow servant rather than upon the plaintiff, who was also a servant participating in the act from which the presumption arose,—it was necessary for the plaintiff to prove something more, in order to fix the blame which the law allowed to be presumed from the happening of the injury.

He could do this in one of two ways: He might relieve the imputation, so far as he himself was concerned, by proving his own conduct and showing directly that he was free from fault, thus leaving the whole presumed blame on those for whose conduct the defendant was responsible; or he could take another tack and directly prove that it was some other employee's negligence that caused the injury, and this would be sufficient to make a prima facie case, unless, of course, the plaintiff, in showing the negligence of some one else, disclosed that he himself was also at fault.

This resulted in the formulation of the rule that the plaintiff might make a prima facie case for recovery, even where he himself was connected with the transaction in which his injuries were received, by showing that the transaction was one of those as to which a presumption of negligence arises under the Civil Code (1910), § 2780, and that he was free from fault, or by proving, without the aid of this presumption, that the defendant or a fellow servant was guilty of the negligence alleged in the petition. This is the rule, and the reason of the rule, as declared in many cases decided prior to the passage of the act of 1909. See *Central R. Co.* v. *Kelly,* 58 *Ga.* 107, 113; *Central R. Co.* v. *Sears,* 59 *Ga.* 436; *W. & A. R. Co.* v. *Vandiver,* 85 *Ga.* 470 (11 S. E. 781); *Atlanta & Birmingham Ry.* v. *McManus,* 1 *Ga. App.* 302, 307 (58 S. E. 258). At the time this rule was formulated the court did not have in mind the doctrine, subsequently developed, that the negligence presumed under section 2780, supra, relates only to the acts of negligence charged in the petition. It may be seen that if the only acts of negligence charged in the petition are acts of the defendant, or of its servants other than the plaintiff, and the only negligence to be presumed under the code section cited is that charged in the petition, it would not be necessary, in strict logic, for the plaintiff to do more, in order to cast the presumption, than to prove that he was injured in one of the ways specified in the code section; for with the presumption thus limited in its operation, there would be nothing presumed against the plaintiff. Hence, the two doctrines are somewhat inconsistent; but both were well established at the time of the passage of the act of 1909.

That act did not affect the existing presumptions, so far as an employee injured, but not killed, is concerned. It only varied the degree of blame by which the plaintiff's right of action would be de-

feated. Therefore, while a new rule should be announced, it should be based upon the rationale of the old rule. In the case of *Central R. Co.* v. *Kenney,* 58 *Ga.* 486, 489, Judge Bleckley announced the old rule in such a form that the new rule may be formulated by a mere substitution of terms. He said: "Let the word 'blame,' as here used, be understood to mean negligence, or the omission of that degree of diligence to which the party is legally bound. Where a railroad employee has been physically injured while on duty, he can not recover of the company if both were to blame, or if neither was to blame, or if he was to blame and the company was not; only where he was not to blame, and the company was, is he entitled to recover. Of course, the blame of a coemployee, or of any officer or agent, is treated as that of the company itself. Concerning one class of cases, namely, that class in which, as in the instance before us, the injured party shared directly in the act which resulted in his own wounding, the rule as to the burden of proof is as follows: After proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the company was to blame; or if he will show, on the other hand, that the company was to blame, the law then presumes, until the contrary appears, that he was not to blame. So that, in order to make a prima facie case, and change the onus, he need not go further than to show by evidence one or the other of these two propositions: either that he was not to blame, or that the company was. The company, taking at this stage the burden of reply, can defend successfully by disproving either proposition. The disproval of both is not necessary; but until one or the other shall be overcome, the defense is not complete. [*Atlanta & Richmond A. L. R. Co.* v. *Campbell*] 56 *Ga.* 586. It follows that where an employee of a railroad company sues for personal injury sustained by him in consequence of a hand-car leaving the track, upon which car he was riding, and the running of which he controlled, he must, in order to entitle himself to recover, show affirmatively that he was free from fault, or that there was negligence by the company sufficient to have caused the run-off. It takes this much to make a prima facie case; after which the plaintiff will still fail, if it appear, from all the evidence taken together, either that he was not free from fault, or that the company was not negligent."

Following this, we announce the rule under the present statute

as follows: If the plaintiff shows that he has been injured in the running of the cars or other machinery, or by the act of a fellow servant, he may, even as to a transaction in which he was a participant, make a prima facie case by further showing either of two things: (1) that he himself did not bring about his injury by his own carelessness, amounting to a failure to exercise ordinary care; or (2) by showing that the defendant or its servants were negligent in one or more of the respects charged in the petition. The company, taking at this stage the burden of reply, can defend successfully by disproving either of these propositions, or by showing that, notwithstanding it or its servants may have been negligent, the plaintiff, by the exercise of ordinary care, could have avoided the consequences of this negligence. In this connection it will be sufficient merely to advert to the proposition that there may be a diminution and apportionment of damages, where it appears that the plaintiff and the defendant were both at fault, and that the plaintiff's negligence was slighter than that of the defendant, and the injury is not proximately and preponderatingly traceable to the plaintiff's own failure to use ordinary care. However, this proposition is not involved in the decision of the points raised in the present record; and, therefore, it is not elaborated. An examination of the charge of the court, here complained of, discloses that it substantially followed the rule which we have announced; hence, the exception is not well taken.

2. Complaint is also made of the following charge of the court: "Among other things, gentlemen of the jury, the plaintiff contends that he has suffered physical pain and mental anguish, and that he now suffers and that he will continue to suffer in the future; that he is permanently deformed and lost the use of his foot; and that he is entitled to damages on that score." Error is assigned on the ground that the petition did not allege any mental anguish, or the loss of the use of a foot, and that the court, therefore, interjected an issue not made by the pleading. It suffices to say that the petition alleged that the plaintiff had suffered and would always suffer great pain, and that he was "maimed and disfigured for life," and he undoubtedly proved his allegations in this respect. Allegation as to pain authorizes proof of mental suffering, and (where the evidence authorizes) a submission of this element of damage to the jury. *Nashville Ry. Co.* v. *Miller,* 120 *Ga.* 453 (6), 459 (47 S. E.

959, 67 L. R. A. 87). As it was alleged that the plaintiff's "right leg is entirely useless," in addition to the general allegation as to the plaintiff's being maimed and disfigured, we hardly see how the defendant was hurt by the court referring only to the plaintiff's foot. Besides, the plaintiff was stripped before the jury, and his foot and leg were examined in their presence, and the jury doubtless understood full well what the court referred to.

3. Complaint is made that the verdict (for $15,000) is excessive. If the testimony contained in the record be true (and, as it is in no wise disputed, it would be unfair, not to say unjudicial, for us to disparage it), the verdict is in no wise excessive; for the plaintiff was horribly injured. The defendant's negligence was palpable, and was practically undisputed. The plaintiff was working in the usual way, repairing a car, with the usual danger signal of a blue flag displayed as a warning, when other employees, disregarding the flag, backed a car against the one under which he was working, turned it over on him, and horribly mashed him and broke him up. We see no reason for granting a new trial.

<em>Judgment affirmed.</em>