SOUTHERN RAILWAY COMPANY *v.* PERDUE.

No. 7661. July 30, 1930. Rehearing denied September 22, 1930.

*McDaniel, Neely & Marshall,* for plaintiff in error.
*Hewlett & Dennis* and *L. W. Camp,* contra.

Hines, J. Judson Perdue brought suit against the Southern Railway Company and Irvin Johnson, to recover damages for injuries received by him while engaged in the discharge of duties imposed upon him as a switchman for said company in its Inman Yards at Atlanta, Georgia. The complaint is in two counts, the first being based upon the railroad employers' liability act of August 16, 1909, embraced in section 2782 of the Code of 1910, and the second count being based upon the employers' liability act of Congress. The suit was dismissed as to Johnson; and the case proceeded to trial under the first count of the petition alone.

Inman Yards are utilized for classifying cars going to various destinations, and in the building and switching of trains and cars. In these yards is a track-scale where cars are switched upon the scale platform and weighed. After they are weighed they are permitted to roll by gravity down a switching-lead and thus carried into different tracks which branch off from such lead. Each car, or cut

of cars, designated for a particular track branching off from such lead track is invariably accompanied by a switchman whose duty is to control the management of the car or cut of cars upon which he is riding, and see that the same goes upon the designated track, and to apply the brakes on cars on such track when it is necessary and proper to stop them. Perdue and Johnson were engaged in riding cars as they left the scale platform down the lead and into classified tracks. A certain car was cut off from those being moved from the scale by the switching-engine. Johnson was riding this car down the incline of the lead for the purpose of bringing the same to rest on a track known as track No. 6. Perdue uncoupled the car which Johnson was riding and permitted the same to roll down the incline. Perdue then uncoupled another car and rode behind the car upon which Johnson was riding. The car upon which Perdue was riding was to go into track No. 10, and was destined to pass beyond the track upon which Johnson's car was being placed. The car Johnson was riding was moving down the lead-track and started into track No. 6, but it ceased to move, and did not entirely clear the switching-lead when it was overtaken by the car ridden by Perdue. The two cars collided. Perdue was on the outside of his car where the brake to control the same. was located. Just before his car reached and collided with Johnson's car, Perdue discovered the close proximity of the latter car, and undertook to climb into the car he was riding, and in doing so was caught between the two cars and injured. Plaintiff's suit was predicated on alleged negligence of Johnson in permitting the car upon which he was riding to stop before it cleared the lead-track upon which Perdue's car was approaching. In his complaint Perdue alleges that the defendants were negligent (a) in failing to place the car upon which Johnson was riding on track No. 6, so as to clear the lead-track; (b) in failing to give him any warning of the blocking of the lead-track; and (c) in Johnson's applying the brakes to the car on which he was riding with such force as to stop the same on track No. 6 before it cleared the lead.

The jury returned a verdict in favor of the plaintiff for $15,000. The defendant filed a motion for a new trial upon the general grounds, and by amendment added certain special grounds to which reference will be hereinafter made. The judge overruled the motion for new trial, and to this judgment the defendant excepted. We

shall deal first with the special grounds of the motion for new trial.

The court gave to the jury the following instruction: "If the plaintiff shows you that he was injured by the running of cars or other machinery of the defendant railroad company, he may, as to the transaction in which he was a participant, make a prima facie case, that is, a case on the face of it, by further showing two things: First, that he himself did not bring about his injuries by his own carelessness amounting to a failure to exercise ordinary care (and ordinary care is that care that I just defined to you), or by showing that the defendant railroad company or its servants were negligent in one or more or in all of the respects charged in the petition. The defendant railroad company at this stage, under the law, takes the burden, and it may successfully defend by disproving, if it can or does, either of these propositions, or by showing that, notwithstanding it or its servants may have been guilty of negligence, the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, if it was negligent." To this instruction the defendant excepts upon the grounds that in any event a prima facie case could not be made by the plaintiff, who at the time of the alleged injury was its employee and engaged in his duties as such, until he had shown (a) that the company was guilty of negligence causing and contributing to the injury, or (b) that the plaintiff was free from fault in and about the occurrence as a result of which he was injured. The defendant further insists that the court erred in charging that the plaintiff could make a prima facie case by showing "that he himself did not bring about his injuries by his own carelessness amounting to a failure to exercise ordinary care," and that said charge was erroneous because plaintiff was participating in the act causing his injuries, and that in order for him to make out a prima facie case against the company he should show that both the company was negligent and that he himself was free from fault.

By the common law, and formerly by the law of this State, a servant could not recover against a master for injury sustained by the negligence of a fellow servant. The negligence of his fellow servant was one of the risks which a servant assumed upon entering the service of the common master. *Shields* v. *Yonge,* 15 *Ga.* 349 (60 Am. D. 698). Except in case of railroads, the master is not now liable to one servant for injuries arising from the negli-

gence or misconduct of other servants about the same business. Civil Code (1910), § 3129. The rule that an employee of a railroad company could not recover for damages sustained by him, arising out of the negligence of a fellow servant, was subsequently changed by statute, so as to permit an employee to recover for damages caused by the negligence of a coemployee, when the injured servant was hurt without fault or negligence on his part; and in such a case his employment by the company was declared to be no bar to his recovery. Acts 1855-56, p. 155; Acts 1873, p. 24; Code of 1895, § 2323. Under this law it was held that an employee could recover from his employer damages caused by his coemployee only when he himself was without fault. Under this law it was held by this court in a number of cases that it was necessary for the suing employee to show that the injury was caused without fault or negligence on his part. *Campbell* v. *Atlanta &c. R. Co.,* 53 *Ga.* 488; *Sears* v. *Central R. &c. Co.,* 53 *Ga.* 630; *W. & A. R. Co.* v. *Adams,* 55 *Ga.* 279. When the employee is partly engaged in the duty in discharging which he is hurt, the onus is upon him to show himself without fault. *Central R. &c. Co.* v. *Kelly,* 58 *Ga.* 107 (5). In construing the statute making the above change, this court held that the employee must be wholly blameless, to authorize a recovery. *Thompson* v. *Central R. &c. Co.* 54 *Ga.* 509. Under this law an employee of a railroad company who receives a physical injury partly by his own fault, and partly by the fault of other servants or employees of the company, could not recover. *McDade* v. *Georgia R. Co.,* 60 *Ga.* 119. Any substantial fault of an employee, however slight, which contributed to the injury for which he sued, would, as the law then stood, defeat his action. To recover he must have been blameless. *Kenney* v. *Central R. Co.,* 61 *Ga.* 590. It was formerly incumbent upon the servant to show that he did nothing to contribute to his injury, and neglected to do nothing to prevent the consequences of the negligence of the other servant. *Central R. &c. Co.* v. *Lanier,* 83 *Ga.* 587 (10 S. E. 279).

As the law then stood this court held, that, in order to entitle the employee to recover for an injury inflicted upon him by a coemployee, it must be made to appear both that he was without fault and that the defendant by its agents and servants was negligent. The question then arose how the servant could carry this burden.

This question was answered by this court as follows: "Concerning one class of cases, namely, that class in which, as in the instance before us, the injured party shared directly in the act which resulted in his own wounding, the rule as to the burden of proof is as follows: After proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the company was to blame; or if he will show, on the other hand, that the company was to blame, the law then presumes, until the contrary appears, that he was not to blame. So that, in order to make a prima facie case, and change the onus, he need not go further than to show by evidence one or the other of these two propositions: either that he was not to blame, or that the company was. The company, taking at this stage the burden of reply, can defend successfully by disproving either proposition." *Central R. &c. Co.* v. *Kenney,* 58 *Ga.* 485, 489. This ruling was followed and approved by this court in the following cases. *Central R. Co.* v. *Sears,* supra; *Kenney* v. *Central R. Co.,* supra; *Gassaway* v. *Georgia So. R. Co.,* 69 *Ga.* 347; *Central R.* v. *DeBray,* 71 *Ga.* 406 (19); *Central R. &c. Co.* v. *Small,* 80 *Ga.* 519, 521 (5 S. E. 794); *W. & A. R. Co.* v. *Vandiver,* 85 *Ga.* 470, 473 (11 S. E. 781); *Johnston* v. *R. & D. R. Co.,* 95 *Ga.* 685 (22 S. E. 694); *Augusta &c. R. Co.* v. *McDade,* 105 *Ga.* 134 (6) (31 S. E. 420); *W. & A. R. Co.* v. *Jackson,* 113 *Ga.* 355 (38 S. E. 820). Some confusion may arise from the cases in which this court has often held that an employee does not make a case entitling him to recover unless he shows that he was without fault. In those cases this court was not dealing with the method by which this could be shown. In the cases cited above this court was dealing with the method of proving that the employee was free from fault or blame.

By the railroad employers' liability act of 1909, the rule that the injured employee could not recover if he in any way contributed to his injury was changed. By this act it is provided: "Every common carrier by railroad shall be liable in damages to any person suffering injury while he is employed by such carrier, . . . resulting in whole or in part from the negligence of any of the . . . employees of such carrier. . . . Provided, nevertheless, no recovery shall be had hereunder if the person . . . injured brought about . . . his injury by his own carelessness amounting to a failure to exercise ordinary care; or if he, by the exercise

of ordinary care, could have avoided the consequences of the defendant's negligence. . . If death does not result from the injury, the presumption of negligence shall·be and remain as now provided by law in case of injury received by an employee in the service of a railroad company." Civil Code (1910), § 2782. So under this law the presumption of negligence against the railroad company is expressly made the same as it was under the previous law. In order for an injured employee to make out a prima facie case against a railroad company arising from an act in which he participated, and to change the onus, he must show one of two things, either that he was not negligent, or that his coemployee was negligent. The injured employee is no longer required to show that he was free from all blame. In cases where the negligence of the employee in some degree, less than lack of ordinary care, contributed to the injury, he may recover diminished damages. *Central of Ga. Ry. Co.* v. *Allen,* 140 *Ga.* 333, 335 (78 S. E. 1052). In a case where the employee is injured by his coemployee in a transaction in which he participated, he must, in order to make a prima facie case and change the onus, under the act of 1909, prove the fact and extent of his injury, and must show either one of two things, either that he was not negligent, that is, that he was not lacking in ordinary care for his own safety and that he could not by the exercise of ordinary care have prevented the consequences to himself of the negligence of his coemployee, or that his coemployee was lacking in ordinary care in doing the act by which he was injured. When he does this, it would then be incumbent upon the railroad company to show that the coemployee of the plaintiff was not lacking in ordinary care, that the complaining employee was lacking in such care, or that both were lacking in such care.

So we are of the opinion that the court did not err in giving to the jury the instruction complained of by the railroad company in this ground of its motion for new trial. Moreover, the court did in effect charge the jury the principle for which counsel for the company contends. The judge instructed the jury that the plaintiff, after showing injury, could make out a prima facie case by "showing two things: first that he himself did not bring about his injuries by his own carelessness, amounting to a failure to exercise ordinary care, . . or by showing that the defendant railroad company or its servants were negligent in one or more or in all

the respects charged in the petition." In stating what these two things were, which the plaintiff could do to make out a prima facie case, the court stated one of them, and in stating the other used, before the statement of it, the disjunctive "or" instead of the conjunctive "and." This verbal inaccuracy in the instruction was a palpable slip of the tongue, and could not have misled the jury. *So. Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908).

■ In the motion for new trial the defendant insists that the instruction with which we have dealt in the preceding division of this opinion embodies the principle embraced in section 2780 of the Civil Code; and that this section is unconstitutional and void, because it violates the fourteenth amendment to the constitution of the United States, in that it denies to railway companies due process of law. A casual perusal of this instruction and of this section discloses that the former does not embrace the principle embodied in the latter. It is not insisted that the trial judge in so many words charged the principle set out in this code section; but it is insisted that the instruction in effect embraces this principle. This code section makes a railroad company liable for damages done "by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." This section creates a general and naked presumption of negligence against railroad companies, and makes them liable for all damage done, without any proof that the same was due to any lack of reasonable care and diligence on their part or their employees. The Supreme Court of the United States, in W. & A. R. Co. *v.* Henderson, 279 U. S. 639 (supra), held that this statute is unreasonable and arbitrary and violates the due-process clause of the fourteenth amendment. As the instruction excepted to here does not literally or in effect embody the principle contained in section 2780, it does not fall under the condemnation of that decision. The presumption with which we dealt in the foregoing division of this opinion is not a naked presumption against railroad companies, as is the case under this section of the code, and for this reason does not violate the due-process clause of the fourteenth amendment. The rule laid down in the cases cited does not permit the jury to weigh a naked presumption against the testimony of the company's witnesses, as

tending affirmatively to prove the case. On the contrary, our ruling laid down in these cases requires a party injured to prove his injury, and in addition to prove one of two things, either that he was without blame or that the company was at fault. It can not be said that a presumption in these circumstances is arbitrary and unreasonable. On the contrary there is a reasonable basis for the presumption. Proof of the injury inflicted upon the plaintiff, growing out of an act in which he and his coemployee were engaged, and of lack of negligence on the part of the injured employee, furnishes a basis for an inference that the coemployee was at fault, and that in consequence of his fault the company was negligent. Certainly proof that the company was at fault by reason of the negligence of the coemployee furnishes a reasonable basis for a presumption of liability against the company. This case falls within the ruling made in Mobile &c. R. Co. *v.* Turnipseed, 219 U. S. 35 (supra). We are of the opinion that the ruling of this court in the cases we have cited does not violate the due-process clause of the fourteenth amendment to the constitution of the United States. Whether the act of 1909, which raises a presumption against the employer in a case resulting in the death of the employee, offends this provision of the constitution, is not now for decision.

■ In two grounds of the motion for new trial the defendant alleges that the judge erred in giving the following instruction to the jury: "The defendant also contends that the plaintiff violated certain rules of the company. The plaintiff denies this contention of the defendant. He also says that the rules introduced in evidence have no application to the conditions such as his at the time of the accident. Those are questions of fact for you to determine, gentlemen, like all other questions of fact in the case. If you determine that the rules are not applicable, or that the plaintiff did not violate any rules, then you would not be concerned as to the charge I am now about to give you. But if you find that the rules are applicable and that the plaintiff violated them, I charge you that if he had an opportunity to become acquainted with them, he could not set up want of knowledge of the rules as an excuse for not obeying them; and he is bound by every reasonable rule which governs his conduct or work while he is in the defendant's service, whether he had actually read the rules or had actual knowledge of them. Rules prescribed by railroad companies for the government

and direction of their employees in the discharge of their duty, and the non-observance of which by an employee obviates the right of recovery which otherwise would have accrued to him, are to be strictly construed against the company, and will not, by implication, be extended beyond their clear and obvious meaning." Defendant introduced its rules 808 and 810. The only portion of the first of these rules which the company asserts is applicable is as follows: "Employees must not . . go between or place any part of their body between engines or cars in motion, or before slack runs out after stopping, for any purpose, or do any other unsafe thing." The only portion of the second of these rules which the company insists is applicable under the facts of this case is as follows: "Employees must not do any work in a manner that will jeopardize their own safety." The defendant excepts to the above charge upon the grounds that the court erred in failing to charge in connection with the foregoing quoted instruction, or elsewhere in the charge, (a) what the consequence of a violation of either or both of the rules would be as bearing upon the plaintiff's legal rights; (b) that the violation of a valid and binding rule by the plaintiff would constitute negligence on his part; and (c) that the non-observance of a valid and binding rule by the plaintiff would defeat the right of recovery by him.

In another ground of its motion for new trial the defendant excepts to this charge, upon the grounds (a) that the applicability of these rules was a question to be determined by the court, and not by the jury; (b) that the applicability of the rules involves their construction, which was a question for the court, and not for the jury, and the court erred in charging the jury that they might determine whether or not such rules were applicable; (c) that the court erred in failing to charge the jury, in this connection or elsewhere, that these rules were applicable, and that it was for the jury to determine only whether or not such rules or either of them had been violated, and, if violated, the effect of such violation. The instruction embraced in the last paragraph of the charge above dealt with is excepted to upon the grounds (a) that the court failed to instruct the jury in connection therewith, or elsewhere, that the non-observance of either of the rules introduced in evidence by the defendant "would obviate the right of recovery which otherwise would have accrued to the plaintiff;" (b) that the court erred in

leaving to the jury the right to determine the applicability of said rules, as well as the fact whether or not such rules were violated; (c) that the court erred in failing to charge, in connection with said instruction or elsewhere, that the non-observance of any rule by an employee would obviate his right to a recovery, and in failing to charge that a violation of the rules introduced in evidence would obviate the right of recovery; (d) that this charge in effect was to leave to the jury for its determination the construction of the rules introduced in evidence, as well as their applicability and effect; and (e) that the court failed, in connection with said charge or elsewhere, to instruct the jury as to the effect of a violation of said rules or either of them.

The first exception to these instructions is that the court erred in failing to instruct the jury what would be the consequence of the violation of either or both of these rules by the plaintiff upon his legal rights. This exception to the failure of the court to charge is too general to present any question for decision by this court. It should have pointed out the specific instruction or instructions which movant thought the court should have been given. In the second and third exceptions the movant insists that the judge erred in failing to instruct the jury that the violation of a valid and binding rule of the employer by plaintiff would constitute negligence on his part, and would defeat his right to recovery. We are of the opinion that the instruction which movant contends should have been given would have been erroneous. The first of these rules prohibits an employee from going between or placing his body between engines or cars in motion, or before the slack runs out after they stop, for any purpose. Properly construed, this rule applies when engines or cars are coupled, and when an employee goes between them when they are so connected, and are in motion, and, if not in motion, before the slack runs out. At the time he was injured the plaintiff was working in the Inman Yards of the company. These yards are utilized for building up trains and cars going to various destinations. The cars are switched upon a platform scale and weighed. After they are weighed they are permitted to roll by gravity down a switching-lead, and are thus carried to different tracks which branch off from such lead. Each car, or cut of cars, designated for a particular track branching off from such lead-track, is invariably accompanied by a switchman, whose

duty is to control the management of the car, or cut of cars, on which he is riding, and to see that the same goes upon the proper track, and to apply the brakes on cars on such tracks when it is necessary and proper to stop them. The plaintiff and Johnson were engaged in riding cars as they left the scale platform down the lead and into classified tracks. A car was cut off from those being moved from the scale by a switching engine. Johnson was riding this car down the lead for the purpose of taking the same into track No. 6. Plaintiff uncoupled the car Johnson was riding and permitted it to roll down the lead, and then uncoupled another car and rode it down the lead behind the car on which Johnson was riding. Plaintiff's car was to go into track No. 10, and was destined to pass beyond the track upon which Johnson's car was being placed. The car upon which Johnson was riding moved down the lead-track and started into track No. 6, but it ceased to move, and did not entirely clear the lead-track when it was overtaken by the car ridden by plaintiff. The two cars collided. Plaintiff was on the outside of the car, where the brake to control the same was located. Just before the cars collided, plaintiff discovered the close proximity of the car ahead, and undertook to climb into the car in which he was riding; and in so doing he was caught between the two cars and injured. In these circumstances we do not think that the above rules of the company were applicable to the situation of the plaintiff. Where rules of a railroad company are ambiguous, and especially where other than a strict construction of them would render them unreasonable, they are to be construed liberally in favor of the employee and strictly against the company. *R. & D. R. Co.* v. *Mitchell,* 92 *Ga.* 77 (4) (18 S. E. 290); *W. & A. R. Co.* v. *Bussey,* 95 *Ga.* 584 (23 S. E. 207); *So. Ry. Co.* v. *Holbrook,* 124 *Ga.* 679, 683 (53 S. E. 203); *Schaufele* v. *Central Ry. Co.,* 6 *Ga. App.* 660 (3) (65 S. E. 708); *S. A. L. Ry. Co.* v. *Hunt,* 10 *Ga. App.* 273 (73 S. E. 588).

Other provisions of these rules make it unlawful for employees to do "any other unsafe thing," or to do "any work in a manner that would jeopardize their own safety." These provisions are too general and drastic, and "seem to have been designed primarily to defeat a recovery by an employee for an injury growing out of any conceivable combination of circumstances." *So. Ry. Co.* v. *Holbrook,* supra. Having reached the conclusion that these rules were

inapplicable under the circumstances in which the plaintiff was injured, the instruction leaving to the jury the determination of the applicability of these rules to the plaintiff's case, if erroneous, does not require the grant of a new trial.

■ After a careful consideration of the evidence, we can not say that the verdict is without evidence to support it.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

### ON MOTION FOR REHEARING.

HINES, J. In order to make clearer the ruling of this court as expressed in the first division of the opinion as originally prepared, we have redrafted the same, and the corresponding headnotes. This, however, does not change the conclusion reached in this case, and we adhere to the rulings therein, and deny the motion for rehearing.